## In Re Anonymous No. 103 D.B. 84

Disciplinary Board Docket No. 103 D.B. 84.

To the Disciplinary Board of the Supreme Court of Pennsylvania:

HALSTER, *Chairman*, October 10, 1985 — The petition for discipline was filed on or about December 20, 1984, and on or about January 10, 1985 an answer to that petition was filed by respondent.

A hearing was held before hearing committee [   ] at [   ] on March 28, 1985. After hearing, the committee made a determination under the abbreviated procedure, which determination was accepted by respondent on March 28, 1985, but rejected by the Office of Disciplinary Counsel on March 29, 1985. Pursuant to the nonacceptance by the Office of Disciplinary Counsel, this report is prepared and submitted.

Petitioner was represented at the hearing by [   ], Esq., Disciplinary Counsel in charge, District [   ] office. Respondent represented himself and offered testimony and other evidence on his behalf.

## I. STATEMENT OF CHARGES

The charges brought against respondent are set forth in paragraph 28 of the petition for discipline. Therein it is alleged that respondent violated the following disciplinary rules of the Code of Professional Responsibility:

a. Disciplinary Rule 1-102(A)(3): A lawyer shall not engage in illegal conduct involving moral turpitude;

b. Disciplinary Rule 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

c. Disciplinary Rule 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

d. Disciplinary Rule 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

e. Disciplinary Rule 9-102(A): All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein;

f. Disciplinary Rule 9-102(B)(3): A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them; and

g. Disciplinary Rule 9-102(B)(4): A lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

## II. FINDINGS OF FACT

A review of the admissions as contained in respondent's answers to the petition for discipline indicates that all of the operative facts have been admitted. In addition, the testimony of respondent reaffirmed and clarified many of the admissions made in the answer. Without restating those admissions in detail in the form of findings of fact, the board finds that the following facts are disclosed and supported by the record.

Commencing in May of 1982 and proceeding through the fall of 1983, respondent represented [A] in a domestic relations matter, which included a property settlement with his former wife. In connection with that property settlement, respondent received the net proceeds from the sale of real estate in the amount of $25,455.79, which sum he was to hold and distribute in accordance with an agree-

ment of the parties and their counsel. The sum received from the real estate settlement was originally deposited in an account with [B] Bank titled in the name of respondent and [C], Esq., who originally represented the wife of respondent's client. Thereafter, [C] withdrew her representation and was replaced by [D], Esq.; however, his name was not placed upon the account. From May 1982 until July 1983, respondent made certain deposits and withdrawals from the account and made distributions to the parties, their attorneys and to himself for fees and reimbursement of costs. These latter funds were, on occasion, deposited in respondent's personal account and thereby became commingled with nonclient personal funds and became converted to other than proper client use. In addition, the balance of respondent's personal account fell below the amount which should have been allocated and reserved for client purposes.

In July of 1983, funds in the amount of $21,175.34 were withdrawn from the [B] account originally established for the client's funds and deposited into respondent's personal account and thereby became commingled with his personal funds. Thereafter, in making distributions from the personal account to the client and others, certain checks payable to the clients and others were returned because there was insufficient funds in the account. All such payments to the clients and others were made good and there is no evidence that respondent presently retains funds which should have been disbursed to the clients or others.

## III. DISCUSSION

As indicated above, the undisputed bank records and admissions by respondent make it clear that re-

spondent deposited funds held for the dispersal to his client and his client's former wife into an account which he used for the payment of personal obligations. It is also clear that the funds in that account fell below the sum which belonged to the clients. Although respondent may have been entitled to receive $300 of the funds due to his client for fees and to apply $500 of such funds for certain transportation costs which may have been the obligation of client or client's wife, there is no serious question that some of the client's funds were applied to personal obligations.

Respondent implied in this answer and clearly stated in his testimony that he never intended to "commingle" funds and that his actions were done without any actual understanding or realization that he was violating the Disciplinary Rules or his obligations to his client or his client's former wife. He also admits and the record shows that his record keeping was poor and amateurish in its organization. It is also clear that he had little or no help or guidance in these matters or other matters with respect to the administration of a law practice, as during the relevant period of time he was what might be termed a sometime or part-time sole practitioner, without secretarial or bookkeeping help.

The hearing committee in assessing the evidence and testimony of respondent and others considered that the commingling and inability to account for client's funds were not the result of any fraudulent scheme. Nor were the acts committed with any malicious intent on the part of respondent. It is the belief of the committee that had respondent been other than a part-time practitioner, or had respondent received any training in a law firm or from an experienced practitioner, he would have been aware of the ethical obligations of lawyers with respect to cli-

ent's funds and would not have committed these violations.

The committee also noted that there has been no permanent loss or conversion of the client's funds. Based on the foregoing, it was the committee's belief that any violation of the Code of Professional Responsibility was the result of ignorance and inadvertence, rather than malicious design.

## IV. RECOMMENDATION

The hearing committee's determination under the abbreviated procedure was that violations of the following Disciplinary Rules were shown:

a. Disciplinary Rule 1-102(A) 6: A lawyer shall not engage in any conduct that adversely reflects on his fitness to practice law.

b. Disciplinary Rule 9-102(A): All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more indentifiable bank accounts maintained in the state in which the law practice is situated, and no funds belonging to the lawyer or law firm shall be deposited therein.

c. Disciplinary Rule 9-102(B)3: A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate account to his client regarding them.

The committee recommends that the remaining violations as set forth in the petition for discipline be dismissed.

It is the further recommendation of the board that private reprimand be determined to be the appropriate discipline.

## ORDER

ELLIOTT, *Chairman,* And now, this December 9, 1985, the report and recommendation of hearing committee [    ] dated October 10, 1985 is accepted; and it is ordered and decreed, that the said [respondent] of [      ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.